UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES J. COX,

                Plaintiff,

-against-

SAMANTHA AVERSA and ANDREW D.
PILIERO-KINDERMAN,

                Defendants.

18-CV-3898 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

On May 1, 2018, *pro se* Plaintiff, James J. Cox ("Plaintiff" or "Cox"), currently incarcerated at Bare Hill Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 against New York State Police ("NYSP") Trooper Samantha Aversa ("Aversa") and NYSP Investigator Andrew D. Piliero-Kinderman s/h/a NYSP Trooper Andrew D. Piliero-Kinderman ("Kinderman") (collectively, "Defendants"). In this action, Plaintiff alleges that Defendants conducted an illegal search of his vehicle. Plaintiff brings claims pursuant to the Fourth Amendment's prohibition against unreasonable search and seizure, the Fifth Amendment's right against self-incrimination, and the Fourteenth Amendment's right to liberty and due process. (*See* Complaint ("Compl."), ECF No. 2.)

Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). (*See* ECF No. 24.) For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

**I.   Factual Allegations**

The following facts are derived from the Complaint or matters of which the Court may take judicial notice and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).  The Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  The Court may also consider documents subject to judicial notice, such as public records.  *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also Awelewa v. New York City*, No. 11 CIV. 778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) ("Judicial notice may be taken of public records, including 'arrest reports, criminal complaints, indictments, and criminal disposition data.'"); *Blount v. Moccia*, No. 1:16-CV-4505-GHW, 2017 WL 5634680, at *2 n.5 (S.D.N.Y. Nov. 21, 2017) (taking judicial notice of grand jury indictment and collecting cases); *Colliton v. Bunt*, No. 15-CV-6580 (CS), 2016 WL 7443171, at *5 (S.D.N.Y. Dec. 27, 2016), *aff'd*, 709 F. App'x 82 (2d Cir. 2018) (taking judicial notice of transcript of guilty plea and sentencing).

   **a.   July 22, 2017 Stop and Arrest**

Plaintiff alleges that on July 22, 2017, at approximately 4:41 p.m. in Newburgh, New York, Defendants stopped the vehicle he was driving because of illegal tint on the vehicle windows. (Compl. at 2–3, ECF No. 2.)  Plaintiff asserts that a search of his vehicle was conducted without any probable cause or reasonable suspicion of criminal activity and without a search warrant.  (*Id.* at 3.)  He alleges that although there was nothing in plain view to prompt the search, Defendants

searched a locked compartment of Plaintiff's trunk. (*Id.*) As a result of the search, Defendants seized evidence, arrested Plaintiff, and Plaintiff made incriminating statements against himself. (*Id.*)

### b. Related Criminal Proceedings

On August 8, 2017, Plaintiff was indicted by a grand jury in Orange County. (*See* Collins Decl. at Ex. B, ECF No. 26 (*People v. Cox*, Indictment No. 2017-568).) Plaintiff was charged with criminal possession of controlled substance in the third degree, in violation of Section 220.16(1) of the Penal Law, for possessing cocaine with the intent to sell on July 22, 2017. (*Id.*) On September 5, 2018, Plaintiff pleaded guilty to this charge, as well as to other charges unrelated to his July 22, 2017 arrest. (*See* Collins Decl. at Ex. C, at 11:8–21 (Sept. 5, 2018 Orange County Court Plea Tr., *People v. Cox*, Indictment Nos. 215-2018, 300-2017).) Plaintiff also specifically waived his rights to a trial, to present a defense, to confront witnesses, to testify and to appeal, (*see id.* at 6:15–9:8); withdrew all pending motions, including any motion to suppress, (*see id.* at 18:20–24); and confirmed that he was knowingly, voluntarily and intelligently pleading guilty, (*see id.* at 13:6–14:5); and allocated to possessing cocaine with the intent to sell it on July 22, 2017 (*see id*. at 14:15–15:8). On October 23, 2018, Plaintiff was sentenced to a determinate term of seven years plus two years of post-release supervision. (Collins Decl. at Ex. D (Oct. 23, 2018 Orange County Court Certificate of Disposition, *People v. Cox*).)

Plaintiff brings this instant action to recover for injuries due to the loss of his property, lost income from his employment, and emotional and mental distress. (*See* Compl. at 3.) He seeks $7

3

million in damages as well as injunctive relief in the form of additional training for New York State Police. (*See id.* at 5.).

## LEGAL STANDARD

I. 12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable. *Iqbal*, 556 U.S. at 678. To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

4

**II.      42 U.S.C. § 1983 Claims**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

**DISCUSSION**

Plaintiff contends that the search of his vehicle was unlawful.  He raises claims pursuant to the Fourth Amendment's prohibition against unreasonable search and seizure, the Fifth Amendment's right against self-incrimination, and the Fourteenth Amendment's right to liberty and due process.  He seeks injunctive relief and monetary damages.  For the reasons stated below, the Court finds that Plaintiff's claims fail as a matter of law.

**I.      Claims Barred By *Heck***

Defendants argue that Plaintiff's claims for damages are barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court considered whether a state prisoner who sought monetary damages arising from an alleged unconstitutional conviction could

5

pursue a claim under § 1983. *Id.* at 486–87. The Supreme Court determined that "in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus." *Id.* at 486–87. The rule articulated in *Heck* therefore precludes the use of § 1983 to seek damages if a judgment in favor of the plaintiff "would necessarily imply the invalidity" of a prior state or federal criminal conviction or sentence. *Id.*

Plaintiff's Fourth and Fourteenth Amendment claims stem from the allegedly unreasonable search of Plaintiff's vehicle and seizure of incriminating evidence. Plaintiff's Fifth Amendment claim relates to incriminating statements that Plaintiff made subsequent to the search.

a. **Unreasonable Search and Seizure Claims**

Courts applying the *Heck* doctrine with respect to allegedly unlawful searches must assess "whether a prisoner's victory in in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence . . . ." *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original). "[T]hat a prisoner's success might be merely helpful or *potentially* demonstrative of illegal confinement is, under this standard, irrelevant." *Id.* (emphasis in original).

In a footnote, the Supreme Court clarified that, under certain exceptional circumstances, "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* at 487 n.7. The *Heck* court cited the independent source, inevitable discovery, and harmless error doctrines as examples of exceptions to the general

6

rule, because actions involving those doctrines "would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* (emphasis in original).

These exceptions, however, are not applicable to the case at bar.  District courts have found that, when a § 1983 action targets a single episode involving a single search, such a case would necessarily demonstrate the invalidity of a conviction based on that search.  *See, e.g., El v. City of New York*, No. 14-CV-9055-GHW, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015) (collecting cases).  *Heck* bars that scenario because "the entire evidentiary basis for the charged offense derives from . . . a single search that is now being questioned as part of a § 1983 action." *Clayton v. City of Poughkeepsie*, No. 06 CIV.4881 SCR, 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007).

Here, Plaintiff alleges that the unlawful search—as well as the evidence and statements obtained from it—led to the charges prosecuted against him and his unlawful confinement.  (*See* Compl. at 3.)  That is, but for Defendants' allegedly unconstitutional search, Plaintiff would not have been convicted of cocaine possession.  Notably, Plaintiff does not allege that his conviction has been overturned or called into question.  *See Heck,* 512 U.S. at 480–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").  Thus, the instant case is factually analogous to *El v. City of New York*, No. 14-CV-9055-GHW, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015).  In *El*, the plaintiff alleged that his vehicle was searched by officers without probable cause or consent.  *Id.*  Subsequently, the *El* plaintiff was convicted, upon plea of guilty, of possession of narcotics derived from that search.  *Id.*  The court found that the plaintiff's conviction "stem[med] solely from evidence obtained in the . . . search of his vehicle—a single episode involving a single search.  Under these circumstances, having pleaded guilty to the charges that he knowingly

7

possessed narcotics, success on Plaintiff's § 1983 claim that the search was unlawful would necessarily imply the invalidity of his conviction." *Id.*

In another narcotics search case, *Clayton v. City of Poughkeepsie*, the plaintiff alleged that he was unreasonably searched by officers. 2007 WL 2154196, at *4. The *Clayton* plaintiff was also convicted, upon plea of guilty, of possession of narcotics derived from that search. *Id.* The court ultimately dismissed all claims predicated on the *Clayton* plaintiff's allegation of unreasonable search and seizure, concluding that "[w]ithout the search and seizure at issue, there would undoubtedly not have been any criminal charge filed against Plaintiff for possession of these narcotics." *Clayton v. City of Poughkeepsie*, No. 06 CIV.4881 SCR, 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007).

In keeping with the approach taken in the above cases, the Court finds that Plaintiff's § 1983 damages claims arising from the allegations that the search of his vehicle was unlawful are barred under *Heck* and must be dismissed with prejudice.

b. **Fifth Amendment *Miranda* Claim**

The Court next considers Plaintiff's Fifth Amendment claim. Plaintiff alleges that, at some point after Defendants' search uncovered illegal substances, Plaintiff was "compelled to answer questions of this illegal seized evidence," in violation of his Fifth Amendment right against self-incrimination. (*See* Compl. at 3.) This claim is similarly barred by *Heck*, because "a claim for deprivation of the right against self-incrimination is a direct challenge to the sufficiency of the evidence which led to Plaintiff's conviction, and necessarily bears on the validity of Plaintiff's underlying conviction." *Martinez v. DeMarco*, No. 13CV4209JFBAKT, 2018 WL 1115150, at *1 (E.D.N.Y. Feb. 26, 2018) (internal quotations omitted); *see also Shabazz v. Johnson City Police Dep't*, No. 318CV570MADDEP, 2019 WL 2617016, at *5 (N.D.N.Y. June 26, 2019) (concluding

that claim that a statement was coerced in violation of *Miranda* and used against plaintiff at trial was subject to dismissal under *Heck* because a judgment in Plaintiff's favor would "necessarily imply the invalidity of Plaintiff's conviction or sentence"). Instead, the proper remedy for such a violation "is 'the exclusion from evidence of any ensuing self-incriminating statements' and '*not* a § 1983 action.'" *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (quoting *Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam)) (emphasis added).

To the extent Plaintiff's claim is based only on Defendants' alleged failure to provide *Miranda* warning, such a claim is not cognizable under § 1983. *See Neighbour v. Covert*, 68 F.3d 1508, 1510-11 (2d Cir. 1995) (per curiam) ("[E]ven if we were to assume that [plaintiff's] *Miranda* rights had been violated, that violation, standing alone, would not form a basis for liability under § 1983."); *Martinez*, 2018 WL 1115150, at *1 (finding the failure to provide a *Miranda* warning does not constitute a cognizable § 1983 claim with respect to Fifth Amendment rights); *Gustafson v. Vill. of Fairport*, 106 F. Supp. 3d 340, 353 (W.D.N.Y. 2015) (dismissing § 1983 claim for failure to read *Miranda* warnings in case where plaintiff pleaded guilty to criminal offense).

Finally, to the extent that Plaintiff's assertion that he was "compelled" to answer questions suggests that he was unlawfully coerced into making inculpatory statements, that argument fails as well. Besides the fact that this unadorned assertion that Plaintiff was "compelled" is a conclusory allegation, any resulting inculpatory statements were not actually used against Plaintiff in a criminal proceeding. *Cf. Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (no viable § 1983 claim where petitioner was "never made to be a 'witness' against himself in violation of the Fifth Amendment's Self-Incrimination Clause because his statements were never admitted as testimony against in him a criminal case"); *Higazy v. Templeton*, 505 F.3d 161, 172–72 (2d Cir. 2007) (analyzing *Chavez*'s conclusion that "an officer could not be subjected to civil liability for an

alleged violation of the privilege against compelled self-incrimination where the coerced statement is not thereafter used against the person who gave the statement"). Because Plaintiff's Fifth Amendment claims fail as a matter of law, they must be dismissed with prejudice.

## II. Official Capacity Claims

The Complaint does not specify whether Plaintiff sues either defendant in their official capacity. (*See generally* Compl.) To the extent Plaintiff has alleged any official capacity claim, it is well-settled that the Eleventh Amendment bars claims for monetary damages against state officials acting in their official capacities. "[T]he Second Circuit has held that '[t]o the extent that a state official is sued for damages in [her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.'" *Davis v. Westchester Cty. Family Court*, No, 16-CV-9487 (KMK), 2017 WL 4311039, at *6 (S.D.N.Y. Sept. 26, 2017) (quoting *Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)). The Eleventh Amendment generally "forbids suits against states for monetary damages." *Kirkendall v. Univ. of Connecticut Health Ctr.*, 205 F.3d 1323 (2d Cir. 2000). Thus, Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice.

## III. Allegations Introduced in Plaintiff's Opposition Brief

In his opposition brief, Plaintiff appears to allege additional facts and claims. For example, he alleges that Defendant Kinderman pat-frisked him after he was pulled over. (*See* Plaintiff's Memorandum of Law in Opposition ("Pl. Mem."), ECF No. 29 at 6.) Plaintiff further alleges that Kinderman pat-frisked him a second time and "fondled" Plaintiff's scrotum. (*See id.* at 6–7.) Plaintiff also alleges that after he was arrested and taken to the police station, he underwent a strip/body cavity search, from which cocaine was found. (*See id.* at 7, 20.) At this point, Plaintiff

claims he was questioned and, before he was read his *Miranda* rights, made incriminating statements regarding the drugs found in his possession. (*See id.* at 3, 8–10.)

These facts were not asserted in his complaint and thus cannot be considered in deciding the instant motion. *See LLM Bar Exam, LLC v. Barbri, Inc.*, No. 16CV3770, 2017 WL 4280952, at *21 (S.D.N.Y. Sept. 25, 2017) ("[A] complaint cannot be amended by the briefs in opposition to a motion to dismiss."); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Williams v. Rosenblatt Secs. Inc.*, 136 F. Supp. 3d 593, 609 (S.D.N.Y. 2015). Even if this Court chose to consider these newly alleged facts, Plaintiff's claims would still fail. Any claims regarding the legality of the traffic stop, subsequent pat-frisk, and strip/body cavity search that yielded the cocaine for which Plaintiff now stands convicted are barred by *Heck* for the reasons stated above.

Ordinarily, plaintiffs may not amend their complaints through their motion papers. *See Wright*, 152 F.3d at 178. And although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010) (leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim). The Court finds that to be the case here: Plaintiff's new allegations do not salvage his constitutional claims. Because it appears to the Court that amendment would be futile, the Court declines to grant leave to amend at this time. *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) (denial of leave to amend affirmed where *pro se* plaintiff made no specific showing as to how he would

remedy defects in complaint); *cf. Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45–46 (2d Cir. 2008) (district court did not exceed its discretion by not *sua sponte* granting leave to amend where Plaintiff had already amended complaint once and amendment would have been futile).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety. Accordingly, the Clerk of the Court is respectfully directed to terminate Defendants' Motion to Dismiss at ECF No. 24 and terminate the action. The Clerk of the Court is further directed to mail a copy of this Opinion to Plaintiff at his last address listed on ECF and file proof of service on the docket.

Dated: February 19, 2020
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge